# EXHIBIT 2

**From:** "Bellin, Elaine" <Elaine.Bellin@paragonfoods.net>
**Date:** December 18, 2019 at 2:22:53 PM EST
**To:** Patrick Viancourt <pviancourt@msn.com>
**Subject: RE:  Pat Viancourt termination**

Pat,
Your counterproposal is rejected.   We will proceed with the terms of the agreement.
Elaine

**From:** Patrick Viancourt [mailto:pviancourt@msn.com]
**Sent:** Tuesday, December 17, 2019 8:10 PM
**To:** Bellin, Elaine <Elaine.Bellin@paragonfoods.net>
**Subject:** Re: Pat Viancourt termination

Elaine,

I am writing with regard to your proposal.  As per my employment agreement, an LTIP payment (if terminated without cause) was guaranteed in year 1 based upon a percentage of value creation as established at the end of 2018.  I realize to ascertain the LTIP the company would have to engage professionals to determine the exact value of the LTIP.  In lieu of pursuing that valuation to determine this LTIP payment and any

1

other claims under the employment agreement, I will agree to the terms that you have presented below <u>provided</u> that I receive twelve months of medical coverage  continuation at no cost ($1,500/month or $18,000 total), and a positive reference from you for future potential employers with mutually agreeable language, including but not limited to, that I was originally hired to prepare Paragon for sale, that I achieved agreed upon goals toward that anticipated sale, but you chose not to pursue a sale.

Regarding company property and documents, please note on the day I was terminated I did the following:  (a) I left the company-owned Surface Pro laptop in my office on the credenza/file cabinet behind my desk, (b) I left all company files and documents on my desk as well, (c) I turned over to you the following items: key fob, office key, company credit card and approximately $160 in unpaid business receipts.

I sent the company valuation book to Paragon to your attention via FedEx overnight for a Wednesday (12/18) delivery.  With the return of the valuation book, I am in possession of no other company property and/or documents.

In closing, if we can agree on the two items that I've proposed above, we can close this out and have an amended agreement drafted for us both to execute.

Please advise next steps.

Pat

---

**From:** Bellin, Elaine <Elaine.Bellin@paragonfoods.net>
**Sent:** Friday, December 13, 2019 4:27 PM
**To:** Patrick Viancourt <pviancourt@msn.com>
**Subject:** RE: Pat Viancourt termination

Pat,

This will acknowledge my agreement that Paragon terminated your employment effective November 29, 2019.  Pursuant to your Employment Agreement, Paragon exercised its' right to accelerate the effective date of your termination to that date.  I also acknowledge receipt of your signed Release and Waiver of Claims.   As a result, your will receive salary continuation, on Paragon's normal payroll schedule, through November 28, 2020.  In addition, you are entitled to receive a pro-rated annual bonus in the amount of $173,734.16 payable on or before April 15, 2020.  In consideration of your agreement that no further payments are due to you under your Employment Agreement and/or the Release and Waiver of Claims, I am willing to accelerate this bonus payment into the first month of 2020.  Please let me know if you are interested in this accelerated bonus arrangement.

In addition, you remain in possession of proprietary Paragon documents and Paragon computer equipment.  Your employment agreement required that you return these items to Paragon immediately.   While you are required to return these items in any event, doing so is further condition of Paragon's willingness to accelerate your bonus payment.

Elaine

2

**From:** Patrick Viancourt [mailto:pviancourt@msn.com]
**Sent:** Thursday, December 5, 2019 12:26 PM
**To:** Bellin, Elaine <Elaine.Bellin@paragonfoods.net>
**Cc:** Greg O'Brien <gobrien@taftlaw.com>
**Subject:** Re: Pat Viancourt termination

Elaine,

Please find the enclosed letter and executed Release. Despite our respective best efforts, your final offer set forth below is rejected. Therefore, in the end it makes the most sense for us both to merely honor the terms and conditions of the Employment Agreement.

Thank you.

Pat Viancourt

---

**From:** Bellin, Elaine <Elaine.Bellin@paragonfoods.net>
**Sent:** Wednesday, December 4, 2019 7:50 AM
**To:** Patrick Viancourt <pviancourt@msn.com>
**Subject:** RE: Pat Viancourt termination

Pat,

I don't see a need to debate the agreement directly with you as I do read it (as does my legal counsel) differently.  If you and I can't come to terms, then you are correct, it will be handled by my legal team until settlement date.

I will lay out an offer that I think is very favorable to you.  If you so wish to agree, then let me know.

Here is my final offer:

Positive letter of recommendation that contains mutually agreed language.
Compensation through the end of period 13, December 28, 2019          $ 22,462
Full 2019 Bonus                                                                                              $206,500
7 Months ( 15 pay periods) salary                                                              $168,465
6 Months Health Insurance Coverage                                                      $   9,000

This would be paid at your requested dates of no sooner than January 1 and no later than January 7, 2020
Elaine

---

**From:** Patrick Viancourt [mailto:pviancourt@msn.com]
**Sent:** Saturday, November 30, 2019 11:12 AM

**To:** Bellin, Elaine <Elaine.Bellin@paragonfoods.net>
**Subject:** Fw: Pat Viancourt termination

Elaine,

I can appreciate you have apparently decided to pursue a different path for Paragon other than the one you chose when you first hired me. However, please appreciate during my tenure at Paragon I have either met or exceeded my obligations of employment, as well as, the mutually agreed upon metrics for Paragon. I have spoken to my attorney and based upon his review of the legally binding employment agreement, I am entitled to the following compensation because of my termination by Paragon was without cause:

- Pursuant to Sec. 5.2(c)(i), 12 months of salary continuation at $292,000. Per the contract Sec. 5.1(c), Paragon was obligated to provide 30 days advance notice for any termination without cause, (i.e. December 29, 2019). While the contract provides that Paragon can accelerate my departure date, it does not provide that Paragon can forego providing the 30 days advanced notice. Therefore, I am entitled to my compensation over the next 30 day period which is $22,461.54; and
- Pursuant to Sec. 5.2(c)(ii), prorated bonus during my employment which equates to $190,043 (I will presume for now this prorated bonus will be calculated upon the effective date Paragon chose (November 29, 2019) without the required 30 days advance notice. In doing so, I am not waiving and specifically reserve my rights under the employment agreement to assert that my prorated bonus should be calculated as of December 29, 2019); and
- Pursuant to Sec. 5.2(c)(iii) all unpaid Accrued Obligations. I provided copies to you on November 29, 2019 which total approximately $160.00; and
- Pursuant to Sec. 5.2(c)(iv), Long Term Incentive Plan ("Plan"). Despite Paragon failing to finalize the Plan, my employment agreement sets forth the intention of the parties in Sec. 3.3. In this regard, I am entitled to receive 1.5% of the increase value of Paragon during my employment. We can work toward a mutually agreeable valuation to determine the value of the 1.5%, but I estimate that to be approximately $50,000.00

Based upon the express terms of my employment agreement, according to my attorney I am legally entitled to receive $554,610.54.

At all times, I have honored my employment agreement and will continue to do so going forward. However, given that I was terminated without cause, and given the terms of my employment agreement I feel that it is unfair to ask me to accept an amount substantially less than what I am legally eligible to receive, or what I have previously offered. Notwithstanding, I would like to make our separation as amicable as reasonably possible. In this regard, I believe my last offer was extremely fair and reasonable. I am willing to accept a final lump sum payment no sooner than January 1, 2020 and before January 7, 2020 in the total amount of $447,962.00, employer paid health care for 6 months from January 1, 2020 and a mutually agreeable written statement as to my termination from Paragon. If this is not agreeable, than I plan on placing this in the hands of my attorney and he and your attorney can resolve all outstanding issues based upon the terms and conditions set forth in my employment agreement. Let me know next steps.

Thank you.

Pat

**From:** Bellin, Elaine <Elaine.Bellin@paragonfoods.net>
**Sent:** Friday, November 29, 2019 6:20 PM
**To:** Patrick Viancourt <pviancourt@msn.com>
**Subject:** RE: Pat Viancourt termination

I cannot do that and you did not include balance of 2019 in your first offer.

Elaine

---

**From:** Patrick Viancourt [mailto:pviancourt@msn.com]
**Sent:** Friday, November 29, 2019 6:12 PM
**To:** Bellin, Elaine <Elaine.Bellin@paragonfoods.net>
**Subject:** Re: Pat Viancourt termination

Elaine,

I would agree to meeting in the middle at nine months.

This would look at follows:

- Nine months of severance - $219,000
- Base pay through the balance of 2019 - $22,462
- Bonus - $206,500
- Six months of medical coverage

Pat

---

**From:** Bellin, Elaine <Elaine.Bellin@paragonfoods.net>
**Sent:** Friday, November 29, 2019 3:49 PM
**To:** Patrick Viancourt <pviancourt@msn.com>
**Subject:** RE: Pat Viancourt termination

Pat,

I will agree to everything except line item #1.  I would agree however to pay 8 month's salary which would equal $194,664.

Elaine

---

**From:** Patrick Viancourt [mailto:pviancourt@msn.com]
**Sent:** Friday, November 29, 2019 3:33 PM
**To:** Bellin, Elaine <Elaine.Bellin@paragonfoods.net>
**Subject:** Pat Viancourt termination

Elaine:

Despite the positive business indicators, this shall confirm that you decided to terminate my employment with Paragon Foods effective today (11/29). In response to your separation proposal provided and in light or my employment agreement, I would propose the following:

- An amount equal to ten months' salary which would equal $243,333;
- An amount equal to my 2019 annual bonus of $206,500 which is what you proposed;
- Continuation of group medical insurance for a period of six months;
- A positive reference for future potential employers with mutually agreeable wording, including but not limited to, that I achieved agreed upon goals toward the anticipated sale of the company, but you chose not to pursue a sale; and
- A lump sum payment of salary and bonus to occur no earlier than <u>January 1st, 2020</u> and no later than <u>January 7th, 2020</u>

If the above is acceptable, we can memorialize the above in a mutually acceptable separation agreement.

Let me know your thoughts.

Pat